Filed 11/19/13  P. v. Lyons CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C069222 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-F-10-4307) |
| v. | |
| BART LORAN LYONS, | |
| Defendant and Appellant. | |

Defendant Bart Loran Lyons contends the prosecutor in his trial for possessing a controlled substance for sale and other drug offenses committed misconduct when, during cross-examination, he asked defendant's expert witness about defendant's prior arrests and convictions for possession and transportation for sale.  Defendant admits his counsel did not object.  Having forfeited a direct challenge to this issue, defendant claims he suffered ineffective assistance of counsel.  We disagree, and, except to order the abstract of judgment amended to record the correct amount of presentence credit, we affirm the judgment.

1

FACTS AND PROCEDURAL HISTORY

A jury convicted defendant of transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), possession of a controlled substance for sale (Health & Saf. Code, § 11378), and possession of controlled substance paraphernalia (Health & Saf. Code, § 11364), on the following facts:

Police officers searching defendant's vehicle following a traffic stop found two bags of narcotics, one under the driver's side floor mat and the other in the console between the two front seats. They found four hypodermic syringes and a "glass narcotic smoking pipe" in the trunk, and a second pipe near the center console. They found no scales or pay-owe sheets.

At the scene, defendant said he thought he had three bags of methamphetamine. He said he could not go back to jail, and that "there must be something he could do to help us." At the police department, defendant said the drugs were "extremely good, extremely pure" narcotics.

In the booking room, officers found a third bag of narcotics on the floor next to defendant. Defendant said it had fallen out of his pants. He had considered smuggling it into jail and "making money off of it," but he decided to tell the police about it instead.

The three bags contained a total of 11.87 grams of a substance containing methamphetamine, divided in amounts of 9.08 grams, 2.45 grams, and 0.34 grams.

At trial, the principal contested issue was whether defendant possessed the drugs for sale. Yolo County Sheriff's Deputy Gary Hallenbeck testified as an expert for the prosecution. He said one-tenth of a gram of methamphetamine was an average dose or common dosing unit. In his opinion, a person who possessed 12 grams of methamphetamine, or roughly one-half ounce, divided into three bags of different amounts, who bragged about the drug's quality, and who stated his intention of selling some of it in jail, was a person who possessed the drug with the intent to sell. He held the

2

same opinion even if the person who possessed the methamphetamine was an addict and the police found no scales.

Dr. Donald Siggins, a licensed psychotherapist, testified as an expert witness for the defense. He disagreed with Deputy Hallenbeck that the possession of 12 grams of methamphetamine indicated the person intended to sell. He believed 12 grams could be possessed for personal use. He has clients who use four or five grams of methamphetamine a day. In his opinion, the more a person tolerates a drug, the more that person is addicted. He believed defendant had a severe long-term addiction to methamphetamine, and that he was the type of addict who could easily use 12.5 grams for his personal use.

The trial court sentenced defendant to 12 years in state prison, calculated as follows: the upper term of four years on the transportation conviction, plus an additional three years each for two enhancements for prior felony drug convictions (Health & Saf. Code, § 11370.2, subd. (c)), plus one year each for two enhancements for prior prison terms (Pen. Code, § 667.5, subd. (b)). The court stayed imposition of a three-year prison sentence on the possession for sale conviction, and it imposed a concurrent 180-day jail term on the drug paraphernalia conviction.

## DISCUSSION

### I

### *Ineffective Assistance of Counsel*

On cross-examination, the prosecutor asked Dr. Siggins whether he had spoken with defendant about a prior arrest for possession for sale and a prior conviction in that case for transportation for sale. Defendant claims the prosecutor committed misconduct by his questioning. Defense counsel did not object to the questions, but defendant asserts we may still hear the issue because an admonition by the court could not have cured the alleged error. Alternatively, he claims counsel rendered ineffective assistance by failing to object. We conclude defendant has forfeited a direct challenge on this issue, and there

3

is no showing an admonition would not have cured any error. We thus address the claim of ineffective assistance, and we reject it.

A.    *Additional background information*

Before trial, defendant moved to exclude "any mention of any prior uncharged acts and/or arrests" incurred by him. Hearing this motion, the trial court asked the prosecutor if there were any uncharged acts or arrests "that's anticipated." The prosecutor knew of none. With that understanding, the trial court granted defendant's motion but reserved jurisdiction to reconsider it. The court said it did not "know to what extent -- obviously if you [defense counsel] bring anything up . . . or your expert does, obviously that might be fair game. We will see how that goes."

In an Evidence Code section 402 hearing, Dr. Siggins testified defendant was a long-term drug addict, and thus the amount of methamphetamine he possessed did not, by itself, determine whether he possessed it for sale. The prosecutor, exploring the basis for that opinion, asked Dr. Siggins whether he had reviewed defendant's record. This dialogue then occurred:

"A    I reviewed [defendant's] record through interviewing [defendant] to the degree that he had been charged with drug offenses in the past and that he had many attempts at rehabilitation.

"Q    Did you talk to him about -- so did he tell you that he had been arrested for possession for sale before?

"A    Yes, sir.

"Q    Did he tell you when he had been arrested for possession for sale?

"A    I don't' recall exactly the date that he mentioned.

"Q    The fact that he has been arrested for possession for sale before didn't clue you in that this might be somebody who sells drugs? [¶] . . . [¶]

"[A]    It was certainly -- it was certainly a part of the evidence that I looked at, but I wasn't, you know, hired to ascertain if he had possessed an amount for sales, you know,

4

in that case.  [¶]  What I was looking at was very specifically whether or not the amount of drugs that he was holding was indicative of a pattern or a holding for sales in this instant case."

At trial, Dr. Siggins testified as an expert as summarized above.  On cross-examination, the prosecutor asked Dr. Siggins if he had spoken with defendant about why he was arrested in this case.  Dr. Siggins had spoken with him about that, as well as his drug abuse history.  This dialogue followed:

"Q     Okay.  And talking to him about his drug abuse history, you talked to him about the fact that he's been arrested for drugs before; correct?

"A     Yes, sir.

"Q     You talked about how he has been arrested for possession for sale of methamphetamine before; correct?

"A     Yes, sir.

"Q     And how he was convicted in that case of transportation for sale; correct?

"A     Yes, sir."

Defense counsel did not object to this testimony.

A few minutes later, the prosecutor summarized Dr. Siggins's testimony:

"Q     It is your testimony today that based on your interview with [defendant], that twelve grams, in and of itself, is not enough to say that it is possessed for sale?

"A     That's correct."

B.     *Analysis*

A defendant who fails to object to prosecutorial misconduct at trial and request a jury admonition forfeits the claim of error on appeal.  (*People v. Stanley* (2006) 39 Cal.4th 913, 952.)  Defendant admits his attorney did not object to the questioning or seek an admonition, but he asserts we may still consider the issue because no jury admonition would have cured the harm caused by the alleged error.  (*People v. Dykes* (2009) 46 Cal.4th 731, 760.)  We disagree.

5

There is no evidence this trial was so poisoned with misconduct or mismanagement that a jury could not have responded to an admonition to disregard the prosecutor's questions and Dr. Siggins's answers. (See *People v. Hill* (1998) 17 Cal.4th 800, 820-822 [prosecutor's misconduct and trial court's errors rendered objections futile].) Even defendant admits that an admonition "would have largely ameliorated the prosecutor's misconduct and further demonstrated that the prosecutor's implied representations concerning [defendant's] criminal history were not trustworthy." Because defense counsel did not object or seek an admonition, and because an admonition would have cured any alleged harm, defendant has forfeited this ground of appeal.

We thus address defendant's contention that his trial counsel rendered ineffective assistance by failing to object to the prosecutor's questioning. "To establish constitutionally inadequate representation, a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citations.]" (*People v. Samayoa* (1997) 15 Cal.4th 795, 845.)

Defendant has failed to show counsel rendered ineffective assistance. He has not shown counsel's representation was deficient. Any objection by counsel to the prosecutor's questioning would have been meritless, and "failure to make a meritless objection does not constitute deficient performance." (*People v. Mitcham* (1992) 1 Cal.4th 1027, 1080.) An expert witness may be "fully" cross-examined on "the matter upon which his or her opinion is based and the reasons for his or her opinion." (Evid. Code, § 721, subd. (a).) So long as the material the expert reviewed and that forms a basis of his opinion is reliable, "even matter that is ordinarily *inadmissible* can form the

6

proper basis for an expert's opinion testimony. [Citations.]" (*People v. Gardeley* (1996) 14 Cal.4th 605, 618, original italics.)

If an expert examines a defendant's prior record of misconduct, "he could be cross-examined on it, without offending any constitutional guaranty, to determine whether he took it into account in forming an opinion . . . ." (*People v. Osband* (1996) 13 Cal.4th 622, 712 [cross-examination of expert based on his review of defendant's juvenile record permitted].)

Dr. Siggins testified he reviewed defendant's prior drug abuse history, including his arrest and conviction history. The prosecutor was thus free to ask Dr. Siggins whether he took these items into account in forming his opinion. No ineffective representation occurred, because an objection to the prosecutor's questions would have been without merit.

Whether the prosecutor misstated defendant's criminal history by stating his arrest for possession for sale resulted in a conviction of transportation for sale is not clear. According to the probation report, defendant has not been previously convicted of transportation for sale under Health and Safety Code section 11379, subdivision (b), but he has been convicted twice for transporting, importing or selling under Health and Safety Code section 11379, subdivision (a). Defendant was sentenced to state prison for each of those convictions. Had defendant on those occasions transported for his personal use, he could not have been incarcerated. (Pen. Code, §§ 1210, subd. (a), 1210.1, subd. (a).) He thus may have been convicted for a drug offense that involved transporting and selling. Defendant has not shown the prosecutor misstated the truth or that his counsel should have objected to the prosecutor's questions. As a result, counsel's failure to object was not deficient representation.

Defendant has also failed to show he was prejudiced by the prosecutor's questions. It is not reasonably probable defendant would have obtained a more favorable result had the prosecutor not asked the questions or had defense counsel objected and sought an

admonition.  There was no doubt defendant was guilty of transporting a controlled substance and possessing drug paraphernalia, and the evidence showing he possessed a controlled substance for sale was very strong.  Defendant possessed three separate bags of methamphetamine weighing nearly 12 grams.  Only one-tenth of a gram is a common useable amount; defendant thus possessed the equivalent of 120 doses.  He bragged to officers about the drugs' purity and quality.  He said he had considered smuggling some of the drugs into jail so he could sell them there.  This was more than sufficient evidence to support defendant's conviction of possession for sale, and an objection to the prosecutor's questions would not have disturbed the import of this evidence and resulted in a more favorable outcome.  Indeed, the jury heard Dr. Siggins testify that, in his expert opinion, defendant's possessing 12 grams was insufficient to constitute possession for sale.  A sustained objection to the prosecutor's questions would not have changed the jury's verdict.  Defendant did not suffer ineffective assistance.

## II

### *Abstract of Judgment*

The abstract of judgment states the trial court awarded defendant a total of 288 days of credit for time served; 144 days of custody credit and 144 days of conduct credit.  After the abstract was filed, however, the trial court recalculated the presentence credit, and it awarded defendant 326 days of custody credit and 326 days of conduct credit.  We order an amended abstract of judgment be filed that reflects the correct award.  The trial court's order mistakenly states this totals 752 days.  We rely on the court's awards of specific credit, and order defendant be awarded 652 days of presentence credit.

## DISPOSITION

The trial court clerk is ordered to prepare an amended abstract of judgment awarding defendant 326 days of custody credit, and 326 days of conduct credit, for a total

8

of 652 days of presentence credit, and to forward the amended abstract to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


      NICHOLSON      , Acting P. J.


We concur:


      ROBIE      , J.


      MURRAY      , J.